**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JAMES PETTUS,

                                        Plaintiff,

              v.                                                    No. 04-CV-228
                                                                    (LEK/DRH)

LT. GEAVER,[1] Lt. Correction Department,

_____         Defendant.
_____


**APPEARANCES:**                          **OF COUNSEL:**

JAMES PETTUS
No. 03-R-3597
Plaintiff Pro Se
Great Meadow Correctional Facility
Post Office Box 51
Comstock, New York 12821-0051

HON. ANDREW M. CUOMO                 JAMES B. McGOWAN, ESQ.
Attorney General for the                 Assistant Attorney General
   State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[2]

        Plaintiff pro se James Pettus ("Pettus"), an inmate in the custody of the New York

State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

U.S.C. § 1983 alleging that defendant McGeever ("McGeever") violated his constitutional

_____

        [1] It appears that the correct spelling is "McGeever."  Def. Mem. of Law (Docket No. 38) at 1.  This correct spelling will be used herein.

        [2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

rights under the Fourteenth Amendment.  Compl. (Docket No. 1).[3]  Presently pending is

defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 38.

Pettus opposes the motion.  Docket No. 39.  For the following reasons, it is recommended

that defendant's motion be granted.


## I. Background

The facts are presented in the light most favorable to Pettus as the non-moving

party.  See Ertman v. United States, 165 F. 3d 204, 206 (2d Cir. 1999).[4]

At all relevant times, Pettus was an inmate in the custody of DOCS.  On February

11, 2004, while at Cayuga Correctional Facility ("Cayuga"), Pettus was issued a

misbehavior report for being out of place and providing a false statement.  Compl., Ex. 5;

McGeever Decl. (Docket No. 38), Ex. 1.  After a disciplinary hearing before McGeever,

Pettus was found guilty and sentenced to keeplock[5] for twenty-one days where he was

deprived of recreation, microwaves, telephones, packages, and commissary.  See

_____

[3] Pettus' complaint also alleged that two other DOCS employees violated his constitutional rights under the Fourth, Fifth, and Eighth Amendments.  See Compl. However, all but Pettus' Fourteenth Amendment Due Process claim against McGeever were dismissed.  See Docket Nos. 23, 24.

[4] Defendant contends that Pettus has failed to answer his Statement of Material Facts in violation of N.D.N.Y.L.R. 7.1(a)(3) and, thus, defendant's factual allegations should be deemed admitted for the purpose of this motion.  Docket No. 40.  However, Pettus did respond to the motion.  See Docket No. 39.  Because of Pettus' pro se status and his substantial compliance with the rule, the Court accepts Pettus' response in opposition to defendant's motion for summary judgment.

[5] "Keeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of participation in normal prison activities."  Green v. Bauvi, 46 F.3d 189, 192 (2d Cir. 1995); N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6 (2006).

McGeever Decl., Ex. 5.  This action followed.


## II. Discussion

Pettus' sole remaining cause of action alleges that McGeever violated his Fourteenth Amendment Due Process rights.


### A. Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment.  Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994);

3

Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).  When, as here, a party seeks

summary judgment against a pro se litigant, a court must afford the non-movant special

solicitude.  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).[6]

However, the mere existence of some alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is

that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.


### B. Liberty Interest

As a threshold matter, an inmate asserting a violation of his or her right to due

process must establish the existence of a protected interest in life, liberty, or property. See

Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001). To establish a protected liberty

interest, a prisoner must satisfy the standard set forth in Sandin v. Conner, 515 U.S. 472,

483-84 (1995). This standard requires a prisoner to establish that the deprivation was

atypical and significant in relation to ordinary prison life. Jenkins v. Haubert, 179 F.3d 19, 28

(2d Cir. 1999); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir. 1996).

Pettus contends that his due process rights were violated at the disciplinary hearing

conducted by McGeever.  However, as a result of this hearing, Pettus was only sentenced

to twenty-one days of keeplock.  "As a number of district courts have noted, 'the decisions

in the Second Circuit are unanimous that keeplock . . .  of 30 days or less in New York

---

[6] Pettus has significant litigation experience, having filed approximately forty other federal actions since 2001.  See U.S. Party/Case Index (visited Jan. 10, 2007) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.; see also, e.g., Pettus v. Goord, No. Civ. 04-253(LEK/RFT), 2006 WL 2806551, at *1 n.1 (N.D.N.Y. Sept. 28, 2006).

prisons is not 'atypical or significant hardship' under <u>Sandin</u>.'" <u>Smart v. Goord</u>, 441 F.

Supp. 2d 631, 640 (S.D.N.Y. 2006) (quoting <u>Williams v. Keane</u>, No. Civ. 95-

0379(AJP)(JGK), 1997 WL 527677, at *6 (S.D.N.Y. Aug. 25, 1997) (citing cases)); <u>see also</u>

<u>Hynes v. Squillace</u>, 143 F.3d 653, 657-58 (2d Cir. 1998).  Moreover, although Pettus

contends that he was deprived of "shower[s], recreation, toothbrush and toothpaste for 21

days," he has failed to demonstrate that given the limited period of deprivation, these

conditions gave rise to a protected liberty interest.  <u>See</u> <u>Frazier v. Coughlin</u>, 81 F.3d 313,

317-18 (2d Cir. 1996); <u>see also</u> <u>Hynes</u>, 143 F.3d at 658.  Thus, Pettus has failed to

establish the existence of a protected liberty interest.

Accordingly, it is recommended that defendant's motion on this ground be granted.


## C. Due Process

Pettus contends that McGeever denied him due process when he failed to permit

Pettus to call Sgt. Locastro as a witness at the hearing.

At a prison disciplinary proceeding, an inmate is entitled to (1) advance written notice

of the charges, (2) an opportunity to call witnesses if it conforms with prison security, (3) a

statement of evidence and reasons for the disposition, and (4) a fair and impartial hearing

officer.  <u>Kalwasinski v. Morse</u>, 201 F.3d 103, 108 (2d Cir. 1999) (citing <u>Wolff v. McDonnell</u>,

418 U.S. 539, 563-64 (1974)).  Additionally, the finding of guilt must be supported by some

evidence in the record to comport with due process.  <u>Massachusetts Corr. Inst. v. Hill</u>, 472

U.S. 445, 455 (1985); <u>Gaston v. Coughlin</u>, 249 F.3d 156, 162 (2d Cir. 2001).

The misbehavior report charged in relevant part that on February 11, 2004, Pettus

orally misrepresented to Officer Laboon that he was going to the law library when in fact

Pettus went not only to the law library but to the gym as well.  Misbehavior Report
(McGeever Decl. (Docket No. 38(3) at Ex. 4).  At his hearing, Pettus requested leave to call
three witnesses.  Two were permitted.  As to Locastro, Pettus sought to elicit his testimony
that, although Locastro had no direct knowledge of what Pettus stated to Laboon, Locastro
would verify that Pettus in fact signed out for both the law library and the gym.  Disciplinary
hrg. Transcript (McGeever Decl. at Ex. 3) at 11.  Pettus also sought to elicit from Locastro
that Pettus had stated prior to the oral misrepresentation alleged that he would not be going
to the the law library.  Id. at 27-28.  McGeever determined that since the issue was the oral
representation to Laboon and not what Pettus had said or written before or after, Locastro's
testimony was irrelevant and he declined to call Locastro as a witness.  McGeever Decl. at
¶¶ 18, 19 & Ex. 4 (written notice to Pettus of McGeever's decision).

First, McGeever's ruling was correct.  On the record here, Locastro's proffered
testimony had no bearing on whether Pettus made the alleged misrepresentation to Loboon
or not.  The written log entry made by Pettus was not in dispute and other statements to
other individuals at other times could not prove or disprove the alleged misrepresentation to
Laboon.  Second, even if reasonable minds might differ over whether Locastro's proffered
testimony should have been admitted, a hearing officer possesses reasonable discretion in
making such evidentiary rulings.  See Wolff, 418 U.S. at 568-69; Kalwasinski, 201 F.3d at
109.  McGeever did not exceed the scope of that discretion here.

Accordingly, in the alternative, defendant's motion should also be granted on the
merits of Pettus' claim.

### D. Qualified Immunity

Defendant also contends that he is entitled to qualified immunity.  Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229 (N.D.N.Y. 2002), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003).  A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230.  Here, as discussed supra, accepting all of Pettus' allegations as true, he has not shown that McGeever violated his constitutional rights.

Therefore, in the alternative, defendant's motion for summary judgment on this ground should be granted.

### III.  Conclusion[7]

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendant's motion for summary judgment (Docket No. 38) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO**

---

[7] Defendant also contends that Pettus' conspiracy claim is wholly conclusory and without merit.  See Def. Mem. of Law (Docket No. 38) at 15-16.  However, this claim was already dismissed and thus need not be addressed.  See Docket No. 23 at 4-5.

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED: January 10, 2007
      Albany, New York_____

    _____
    United States Magistrate Judge